RATTET, PASTERNAK & GORDON-OLIVER, LLP
Attorneys for the Reorganized Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK
DAWN K. ARNOLD
JULIE A. CVEK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:                                          Chapter 11
                                                Lead Case No. 08 B 10810 (SMB)
THINKPATH, INC., et al.[a]                      (Post-Confirmation)

                              Debtors.
-------------------------------------------------------------------X
THINKPATH, INC.,

                              Plaintiffs,       Adv. Pro. No. 09-

                    -against-

PARAMETRIC TECHNOLOGY CORP.,

                              Defendant.
-------------------------------------------------------------------X

    Thinkpath, Inc.., the debtor herein (the "Debtor" or "Plaintiff"), by its attorneys, Rattet,

Pasternak & Gordon-Oliver, LLP, as and for its complaint against the defendant Parametric

Technology Corp. ("Defendant"), represents and alleges as follows:

## JURISDICTION AND PARTIES

    1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§157(b) and 1334(b).

    2.    Venue is proper pursuant to 28 U.S.C. §1409(a).

---

[a] The Debtors are Thinkpath, Inc., Thinkpath of Michigan, Inc., Thinkpath Technical Services, Inc., and
Thinkpath, Inc. (CA).

3.      This is a core proceeding under 28 U.S.C. §§157(b)(2)(F) and (O).

4.      This is an adversary proceeding brought by the Debtor and its estate, against the Defendant pursuant to Title 11 of the United States Code (the "Bankruptcy Code") §§502(d), 547, and 550 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking to recover preferential transfers of Debtor's assets and disallowance of any and all claims of the Defendant against the Debtor's estate.

5.      Upon information and belief, Defendant is a corporation or other business enterprise with its place of business located at 140 Kendrick Street, Needham, MA 02494.

## CASE BACKGROUND

6.      On March 8, 2008 (the "Filing Date") the Debtor herein filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7.      The Debtor has continued in the management of its property as a debtor-in-possession under §§1107 and 1108 of the Bankruptcy Code.

8.      No trustee, examiner has been appointed in this case.

9.      By Order of this Court dated March 25, 2008, the Debtors received approval for employment of Rattet, Pasternak & Gordon-Oliver, LLP as counsel to the Debtors *nunc pro tunc* as of the Filing Date.

10.     Pursuant to an Order of the Court, the Chapter 11 cases of Thinkpath, Inc., Thinkpath of Michigan, Inc., Thinkpath Technical Services, Inc. and Thinkpath, Inc. (CA) were jointly administered.

11.     The Debtor was engaged in the business of providing engineering services to customers in the defense, aerospace, automotive, material handling, healthcare and manufacturing industries.  Customers include General Dynamics, Lockheed Martin, Boeing, General Electric, United Defense and TACOM.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE
DEFENDANT UNDER §547 OF THE BANKRUPTCY CODE
(AVOIDANCE AND RECOVERY OF PREFERENCE PAYMENTS)**

12.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "11" with the same force and effect as if fully set forth herein at length.

13.     Upon information and belief, Defendant rendered goods and or services to the Debtor.

14.     Defendant was a creditor of Debtor before and on the Petition Date.

15.     Within ninety (90) days prior to the Petition Date, the Debtor made transfers of its property in the total amount of $21,037.47 (the "Preference Payments"), by making certain payments to the Defendant, as follows:

| CHECK DATE | AMOUNT |
| --- | --- |
| 1/10/08 | $7,012.49 |
| 1/28/08 | $7,012.49 |
| 3/6/08 | $7,012.49 |
| | **TOTAL: $21,037.47** |

16.     Each of said payments cleared Debtor's bank account upon which the pertinent checks were drawn during the 90-day period prior to the Petition Date.

17.     The Preference Payments constitute transfers of interest in the Debtor's property.

18.     The Debtor alleges that each of the Preference Payments constituted a preference within the meaning of 11 U.S.C. §547, as further set forth below.

19.     The Preference Payments were made to or for the benefit of the Defendant.

20.     The Preference Payments were made for or on account of an antecedent debt owed by the Debtor before such Preference Payments were made.

21.     The Preference Payments were made while the Debtor was insolvent.

22.     The Preference Payments enabled the Defendant to receive more than the

Defendant would receive if: (a) the case was a case under Chapter 7 of the Bankruptcy Code; (b)

the Preference Payments had not been made; and (c) Defendant received payment of such debt to

the extent provided by the Bankruptcy Code.

23.     The Debtor has demanded that Defendant make payment of the Preference

Payments to the Debtor, but that demand has been refused. A copy of the demand letter is

annexed hereto as **Exhibit "A".**

24.     When applicable, the total amount of the Preference Payments is net any credit

due to Defendant for "subsequent new value" given by Defendant to the Debtor in the form of

materials and/or rendered services which were made after the pertinent date or dates of one or

more of the Preference Payments and for which Defendant did not receive payment from the

Debtor prior to the Petition Date, pursuant to 11 U.S.C. §547(c)(4)(b).

25.     The Debtor's estate has been damaged in an amount equal to the dollar value of

the Preference Payments, together with interest, attorneys' fees, and costs of suit and collection

26.     Based upon the foregoing, the Preferential Payments constitute avoidable

preferential transfers pursuant to §547(b) of the Bankruptcy Code, and pursuant to §550(a) of the

Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiff: (i)

avoiding the Preferential Payments pursuant to Bankruptcy Code §547(b); (ii) against Defendant

in an amount not less than $21,037.47, plus interest from the date of the Preference Payments

and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii)

directing Defendant to turnover and pay such sum to Plaintiff pursuant to Bankruptcy Code

§550(a).

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANT UNDER §§502 AND
550 OF THE BANKRUPTCY CODE
(DISALLOWANCE OF CLAIMS)**

27.     The Plaintiff repeats and realleges each of the allegations set forth in paragraphs

"1" through "26" as though fully set forth herein.

28.     §502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving payment avoidable under §547 of the Bankruptcy Code has paid the amount for which such entity or transferee is liable under §550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

29.     Defendant has not paid or surrendered to the Plaintiff the Preferential Payments and as such any unsecured claim which it has, or any asset, must be disallowed.

30.     As a result of the foregoing, Plaintiff demands judgment against the Defendant disallowing any and all claims of the Defendant against the Debtor's estate under §§502(d) and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant on its: (a) first cause of action finding that the Preference Payments are avoidable preferential transfers pursuant to §§547 and 550 of the Bankruptcy Code in an amount not less than $21,037.47, plus interest from the dates of the Preference Payments plus and the costs and expenses of this action including, without limitation, attorneys' fees; and (b) second cause of action disallowing any and all claims of the Defendant against the Debtor's estate pursuant to §502(d) of the Bankruptcy Code, plus the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: Harrison, New York
      May 18, 2009

                    RATTET, PASTERNAK & GORDON-OLIVER, LLP
                    Attorneys for the Reorganized Debtors
                    550 Mamaroneck Avenue
                    Harrison, New York 10528
                    (914) 381-7400

                    By: */s. Jonathan S. Pasternak*
                        Jonathan S. Pasternak