RATTET, PASTERNAK & GORDON-OLIVER, LLP
Attorneys for the Reorganized Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK
DAWN K. ARNOLD
JULIE A. CVEK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

THINKPATH, INC., et al.[1]

                        Debtors.
------------------------------------------------------------X
THINKPATH, INC.,

                        Plaintiffs,

-against-

PARAMETRIC TECHNOLOGY CORP.,

                        Defendant.
------------------------------------------------------------X

Chapter 11
Lead Case No. 08 B 10810 (SMB)
(Post-Confirmation)

Adv. Pro. No. 09-01237 (SMB)

## STIPULATION AND ORDER SETTLING ADVERSARY PROCEEDING

**WHEREAS**, on March 8, 2008 (the "Petition Date"), Thinkpath, Inc. (the "Debtor"), filed a petition for Chapter 11 relief before this Court. The Debtor has continued to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code");

---

[1] The Debtors are Thinkpath, Inc., Thinkpath of Michigan, Inc., Thinkpath Technical Services, Inc., and Thinkpath, Inc. (CA).

**WHEREAS**, within ninety (90) days prior to the Petition Date, the Debtor made transfers of its property to Parametric Technology Corp. ("Parametric") in the total amount of $21,037.47 (the "Payments");

**WHEREAS**, the Debtor asserts that the Payment constituted a preference within the meaning of §547 of the Bankruptcy Code;

**WHEREAS**, on or about May 18, 2009, the Debtor commenced the above-captioned adversary proceeding seeking to recover the Payment;

**WHEREAS**, Parametric asserts the Payment is not a preference within the meaning of §547 and asserted the new value and ordinary course defenses set forth in §547(c)(2) and (4) of the Bankruptcy Code; and

**WHEREAS**, in order to avoid the cost and expense of litigation and delay in the resolution of the various issues between the parties hereto, the Debtor and Parametric wish to resolve this matter pursuant to the terms and conditions set forth below:

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference and are made a part hereof.

2. Upon entry of an order approving this Settlement Stipulation, Parametric will pay the Debtor $10,500 (the "Settlement Amount") by official bank or certified check payable to "Rattet, Pasternak & Gordon Oliver, LLP, as attorneys" within five (5) days of this Stipulation and Order becoming final and non-appealable.

3. Except as set forth below, upon Court approval of this Settlement Stipulation and payment of the Settlement Amount by Parametric, the Debtor and Parametric shall mutually release and discharge each other and each of their respective officers, directors, successors, heirs, agents, attorneys and assigns from all claims, causes of action, liabilities, demands, losses, costs, expenses, attorneys fees for all claims, whether at law or in equity, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or not accrued, which either party may have or had against one another, from the beginning of the work to the date of and date of this Settlement Stipulation, with respect to the Payment.

4. Notwithstanding anything to the contrary herein, the unsecured claim held by Parametric in the Debtors' Chapter 11 proceeding in the amount of $4,072.04 shall remain unaffected by the terms of this Settlement Stipulation.

5. This Stipulation and Order shall be binding upon and shall inure to the benefit of the parties and their successors and assigns, including a trustee or examiner, if any, that may subsequently be appointed pursuant to Court order in the Debtor's bankruptcy case or under Chapter 7 of the Bankruptcy Code as well as all of the Debtor's creditors.

6. Upon Court approval of this Settlement Stipulation and payment of the Settlement Amount, the Debtor and Parametric shall execute a Stipulation of Dismissal dismissing the Adversary Proceeding, with prejudice.

7. All parties shall each be responsible for their own costs and attorney's fees in connection with this matter.

8. The signatories hereto each represent and warrant that they hold and are exercising the requisite authority to bind their respective clients.

9. This Settlement Stipulation sets forth the entire understanding of the parties hereto with respect to the matters described herein. The provisions of this Settlement Stipulation shall not be abridged, impaired or modified unless each of the parties hereto shall have consented to the same.

10. This Settlement Stipulation may be executed in counterparts, each of which, taken together, shall be deemed one document; and by facsimile signatures, which shall be deemed originals for the purposes of this Stipulation.

11. This Settlement Stipulation is subject to the approval of the Bankruptcy Court. In the event that this Settlement Stipulation is not approved by the Bankruptcy Court, nothing herein shall be deemed an admission of any party hereto, or be of any further force or effect.

12. The Bankruptcy Court shall retain jurisdiction over this matter in the event a dispute shall arise with respect to the subject matter of this Settlement Stipulation.

Dated: September 14, 2009

| | |
|---|---|
| Rattet, Pasternak & Gordon-Oliver, LLP<br>Attorneys for the Reorganized Debtors<br>550 Mamaroneck Avenue<br>Harrison, New York 10528<br>(914) 381-7400 | Eckert Seamans Cherin & Mellott, LLC<br>Attorneys for Parametric Technology Corp.<br>Two International Place, 16th Floor<br>Boston, MA 02110<br>(617) 342-6800 |
| By: /s/ Julie A. Cvek<br>      Julie A. Cvek | By: /s/ John G. Loughnane<br>      John G. Loughnane |

SO ORDERED THIS
25th DAY OF NOVEMBER, 2009

S/Stuart M. Bernstein
HONORABLE STUART M. BERNSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE